Opinion by
Mr. Justice McWilliams.
This writ of error concerns a contract of employment and, according to both parties, the contract is subject to and governed by the laws of Peru.
On October 25, 1958 Kosinuk, a welder, signed a Letter of Agreement with the Utah Construction Company, which Company will be hereinafter referred to as the Contractor. By the terms of this agreement Kosinuk accepted the offer of employment with the Contractor on the Toquepala Project in Peru “for 12 months with an option, with the approval of the Contractor, to renew for an additional six-month period.”
The Letter of Agreement also provided as follows:
“The basic terms of your employment are stated below. They are supplemented by the Contractor’s booklet entitled ‘Information for Salaried Employees Hired on Single Status,’ which outlines in further detail the terms of your employment. Your ‘Contract of Employment’ shall consist of the aforesaid booklet and this Letter of Agreement.”
It is undisputed that prior to the time Kosinuk signed the Letter of Agreement he had in fact “received and read” a copy of the aforementioned Contractor’s booklet entitled “Information for Salaried Employees Hired on *289 Single Status.” This Contractor’s booklet provided, among other things, that:
“. . . . The first three months of service of employees are considered as being a trial period. If termination occurs prior to the completion of the first three months of employment, the employee loses certain benefits which he would be entitled to receive under the laws of Peru if his termination occurred after the first three months of service.....” (Emphasis added.)
Pursuant, then, to the aforementioned contract of employment, Kosinuk proceeded to Peru and entered upon his duties with the Contractor. About one month later, Kosinuk was discharged by the Contractor, the termination notice stating the reason for his discharge was “Convenience of Contractor-—-unable to qualify for Welder Requirements.”
It was in this factual setting that Kosinuk brought a breach of contract action against the Contractor, seeking $20,000 as compensatory damages and $5,000 as exemplary damages, plus an additional $10,000 for personal injuries, all allegedly sustained by him as the result of the Contractor’s “malicious and wilful breach of contract.”
It was Kosinuk’s general theory of the case that his was a contract for a specific period of time, namely twelve months, and that the Contractor’s purported termination of the contract at the end of the first month constituted a breach of contract.
It was the Contractor’s theory of the case that the “contract” between the parties consisted of both the “Letter of Agreement” and the aforementioned Contractor’s booklet. According to the Contractor, the term in the Letter of Agreement that the employment was for a period of twelve months was subject to the additional proviso, found in the Contractor’s booklet, that the “first three months of service of employees are considered as being a trial period.” The Contractor contends that during the first three months of the employment, *290 either party could terminate the contract at will. It should perhaps be parenthetically noted that though the Contractor is of the view that this was a termination of the contract with cause, he has elected not to defend the action on that basis, but defends on the basis of his rights under the “three months clause.”
Upon trial of this matter, Kosinuk called as one of his witnesses an expert on Peruvian law. This expert testified that under Peruvian law the phrase “the first three months of service of employees are considered as being a trial period” means that during that particular period of time “neither side has any obligation except that of the employer to pay accrued wages that may have accumulated .... he may discharge without any liability
However, this same witness went on to testify that under Peruvian law this three month trial period applies only where the basic contract of employment is for an unspecified period of time, and that such a provision has no application where, as here, the contract of employment is for a specified length of time. This witness agreed, though, — and we deem this to be important — that even a contract of employment for a specified length of time could, under Peruvian law, also provide that the first three months thereof would constitute a “trial period.”
At the conclusion of Kosinuk’s evidence, the Contractor moved to dismiss, but the trial court “withheld” its ruling until the close of the Contractor’s case.
As one of its witnesses, the Contractor called a different Peruvian lawyer who was also qualified as an expert. This witness, in effect, testified that the contract of employment here under consideration was a “legal contract” which had been “approved” by an agency of the Peruvian government. On cross-examination he stated that in the case of an employment contract for a definite term, the three months trial period does not *291 automatically apply, though it may nonetheless be specifically provided for by the parties in their contract.
At the conclusion of the presentation of all the evidence, the trial court granted the Contractor’s motion to dismiss. Accordingly, judgment was duly entered in favor of the defendant. In thus disposing of the controversy, the trial court stated:
$ $ * ‡
“The Court holds that the plaintiff has not sustained his burden of proof that the contract which was entered into by the parties was not terminated according to its terms.
“Both of the attorneys licensed to practice in Peru testified that parties may agree to contract either for a definite or an indefinite term, and in contracting for a definite term may agree for prior termination should they so desire.
“The Court holds that Paragraph 48 of Exhibit 9 [the Contractor’s booklet] provides that termination may be had during the trial period of ninety days which is provided therein. There is no other contract before the Court which says anything to the contrary . . . .”
We deem it unnecessary to make any extended or elaborate explanatory statement as to why we are in accord with the trial court’s analysis of the situation, as well as its ultimate disposition of the matter. This issue, as we see it, is essentially a determination as to just what was the contract between the parties. We agree with the trial court that this is an instance where, though the basic period of employment was for twelve months, the parties themselves nevertheless provided for a three month trial period within which time either party could terminate the contract.
The judgment is affirmed.
Mr. Chief Justice Moore, Mr. Justice Sutton and Mr. Justice Hodges concur.